IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICHARD COX                                                                                      PETITIONER
ADC #115950

V.                                    NO. 5:07cv00204 WRW-JWC

LARRY NORRIS, Director,                                                                  RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Richard Cox, an Arkansas Department of Correction inmate, brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #1). Respondent has filed a motion to dismiss the petition as an unauthorized successive petition (docket entries #11, #12), and Petitioner has responded (docket entry #13). For the reasons that follow, the petition should be **dismissed**.

I.

Following a jury trial in August 1999 in the Circuit Court of Cross County, Arkansas, Petitioner was convicted of capital murder and was sentenced to life imprisonment without parole. His conviction and sentence were affirmed in a direct appeal. *Cox v. State*, 47 S.W.3d 244 (Ark. 2001), *cert. denied*, 534 U.S. 1022 (2001) (Resp't Ex. 1).

Petitioner then filed a § 2254 petition for writ of habeas corpus in this Court, alleging that his constitutional due process rights were violated (1) when the trial court failed to sustain his challenge to a prospective juror, (2) because the evidence at trial was insufficient to support his conviction, (3) when the trial court refused to admit the statements of his co-defendant, and (4) when the trial court failed to declare a mistrial due to improper comments by the prosecutor during closing argument.  The Court found: (1) that Grounds 1, 2 and 4 were without merit; (2) that Ground 3 was procedurally barred due to Petitioner's failure to present it as a federal constitutional claim in state court and his failure to demonstrate cause and prejudice, or actual innocence, to excuse the default; and (3) that, alternatively, Ground 3 was without merit.  The petition was, therefore, dismissed in its entirety with prejudice.  *Cox v. Norris*, No. 5:02cv000234, 2005 WL 1922634 (E.D. Ark. July 20, 2005) (Resp't Ex. 2, 3).  On April 24, 2006, the Eighth Circuit Court of Appeals affirmed the denial of the petition.  *Cox v. Norris*, 177 F. App'x 516 (8th Cir. 2006) (Resp't Ex. 4).

Petitioner then filed an application in the Eighth Circuit Court of Appeals, seeking permission to file a second or successive § 2254 federal habeas petition raising essentially the same grounds he presents here.  (Resp't Ex. 5.)  The application was denied.  *Cox v. Norris*, No. 07-1508 (8th Cir. July 3, 2007) (Resp't Ex. 6).

One month later, on August 3, 2007, Petitioner filed this § 2254 federal habeas petition, advancing the following claims for relief:

  1. He is actually innocent of capital felony murder and a reasonable finder of fact could not find him guilty of premeditation beyond a reasonable doubt;

      2.     The trial court erred in allowing him to be convicted of capital felony murder due to insufficient evidence, as well as his being a juvenile at the time of the offense;

      3.     The trial court erred in overlooking the fact that Petitioner was a juvenile with a prior mental disorder at the time of the alleged crime;

      4.     The trial court erred in not allowing Petitioner to call witnesses to present a proper defense at trial, in violation of the Sixth Amendment to the United States Constitution;

      5.     The trial court erred in charging Petitioner, a juvenile, with capital felony murder and seeking the death penalty, in violation of the Eighth Amendment to the United States Constitution; and

      6.     Petitioner's Fifth, Sixth, Eighth and Fourteenth Amendment rights were conspicuously violated during his interrogation and subsequent jury trial.

II.

Substantial difficulties exist for state prisoners attempting to bring "second or successive" federal habeas petitions challenging their state-court convictions. Specifically, before filing his petition in the district court, the prisoner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A panel of the court of appeals may authorize the filing of a successive petition only it if satisfies the requirements of § 2244(b).[1] *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). Until an order of authorization is obtained from the court of

---

[1] This provision requires dismissal of any claims that were presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A claim not previously presented must be dismissed unless (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence *and* the underlying facts, if proven and viewed in light of the evidence as a whole, establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. *Id.* § 2244(b)(2).

appeals, the district court has no jurisdiction to consider a successive petition. *Id.* at 796, 799.

Petitioner's current challenge to the 1999 judgment of conviction and sentence imposed by the Cross County Circuit Court is clearly "second or successive" as he contested the validity of the same judgment in his first § 2254 petition. *Id.* at 796 (petition is successive where prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court").

A prior habeas petition will be disregarded in some circumstances, such as when it is dismissed without prejudice as premature or for failure to exhaust state remedies. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (second petition not successive where first petition was dismissed for failure to exhaust, without adjudicating any claims); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998) (where competency for execution claim dismissed without prejudice as premature from first petition, petitioner can bring the claim again when ripe without authorization under successive-petition statute).

However, unlike the above cases, Petitioner's first habeas petition was dismissed with prejudice because his claims were without merit or procedurally barred. *See Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir.), *cert. denied*, 546 U.S. 884 (2005) (denial of first habeas petition on procedural default grounds constitutes disposition on the merits and renders subsequent habeas petition "second or successive"); *Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002) (denial of procedurally defaulted claims in first habeas petition is "on the merits" even though the underlying merits of the claims were not reviewed, necessitating authorization from court of appeals); *Caton v. Clarke*, 70 F.3d 64, 65 (8th Cir. 1995) (interpreting prior law).

Accordingly, this petition is a "second or successive application" under § 2244(b) and requires prior authorization by the Eighth Circuit Court of Appeals. As stated, the Eighth Circuit already has denied an application by Petitioner to proceed with essentially the same claims he now presents to this Court. To the extent he provides additional arguments or supporting documentation as to why he believes he should be allowed to proceed with a successive petition, those are matters which should be presented first to the Eighth Circuit Court of Appeals. Until the Eighth Circuit grants him permission to proceed, this Court is without jurisdiction to consider his claims.

III.

Respondent's motion to dismiss (docket entry #11) should, therefore, be **granted**, and this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #1) should be **dismissed** without prejudice to refiling if Petitioner obtains the necessary order from the United States Court of Appeals for the Eighth Circuit.

DATED this 25th day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE